Eastern District.
*April* 1831.

*GOUY vs. HIS CREDITORS*

**APPEAL FROM THE COURT OF THE FIRST DISTRICT.**

The deliberations of creditors need not be homologated.

The charge of fraud against an insolvent must be made on the written depositions of a creditor, stating specially the acts of fraud.

If the creditors refuse a discharge, the judge cannot grant one

GOUY
*vs*
HIS CREDITORS.

21 357
46 1429

At a meeting of the insolvent's creditors, all who appeared (with the exception of one) made a declaration that the schedule exhibited evidences of fraud. They appointed a syndic, and refused the discharge. No opposition being made, the proceedings were homologated, upon motion, and the insolvent discharged from the payment of his debts. The creditors appealed.

*Conrad*, for appellant.

1. The decree of homologation was irregular and premature; the requisite formalities not having been complied with, and there being charges of fraud against the insolvent.

2. The court erred in granting a discharge to the petitioning creditor.

*Martin, J.*, delivered the opinion of the court.

The insolvent filed his petition; the judge accepted the cession of his goods, and a meeting of his creditors took place before a notary, at which all the creditors, who appeared, except the insolvent's wife, alleged that the schedule exhibited strong evidences of fraud, and refused to grant him a discharge; the wife made no allegation of fraud, but insisted on all her rights, privileges, and mortgages; but did not speak of a discharge.

No opposition was made to the proceedings before the notary; the District Court homologated them, confirmed the nomination of the syndic, and discharged the debtor from the payment of his debts, according to law.

Several of the creditors appealed, whose counsel has urged that the homologation was irregular and premature. The regular formalities not having been complied with;

Eastern District, and there being charges of fraud, and the court erred in
April 1831
discharging the debtor.

GOUY
vs.
HIS CREDITORS.

The delibera-
tions of creditors
need not be homo-
logated.

The act of 1817, 2 Moreau's Digest, 429, sec. 17, has
declared that it shall no longer be necessary to have the
deliberations of creditors (in a case like the present) homo-
logated—it is clear nothing required or authorized the homo-
logation. The appointment of the syndic might have been
opposed in court, within ten days after the meeting of the
creditors ; after the expiration of that delay, an opposition
would have been too late; and it appears fifteen or sixteen
days had elapsed when the confirmation took place.

The charge of
fraud against an
insolvent must be
made on the writ-
ten depositioms of
a creditor stoting
specially the acts
of fraud.

It is true the creditors alleged that the insolvent's failure
exhibited strong evidence of fraud; but the law allows
the opposition to the surrender of goods, on the written
depositions of a creditor, stating specially the several facts of
fraud, being alleged against the debtor—id. sec. 18. The
District Court, therefore, did not err in regarding the un-

If the creditors
refuse a discharge
the judge cannot
grant one.

sworn and general allegations of the creditors, at their meet-
ing; but he, in our opinion, erred, in discharging the insolvent
from the *payment* of his debts.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be annulled, avoided and
reversed, and preceeding to give here such a judgment as, in
our opinion, ought to have been given below ; it is ordered,
adjudged and decreed, that the insolvent be relieved and
discharged from every imprisonment for any debts con-
tracted before the surrender, and from every judicial pro-
ceeding relative to the same, except in case he should
thereafter acquire other property.

The costs of the appeal below to be paid by the estate.